UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No.: 1:21-cv-23836-JEM/Becerra

MILTON BERNARD,

    Plaintiff,

v.

THE CHECK CASHING STORE and
MIAMI GARDENS POLICE DEPARTMENT

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*[1]**

**THIS CAUSE** came before the Court upon Plaintiff Milton Bernard's Motion for Leave to Proceed *In Forma Pauperis*. ECF No. [3]. Plaintiff, a *pro se* litigant, has not paid the required filing fee, and as such, the screening provisions of 28 U.S.C.§ 1915(e) apply. Pursuant to that statute, courts are permitted to dismiss a suit upon a determination that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). For the reasons explained below, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be **DENIED AS MOOT**.

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge, ECF No. [4].

1

I.    DISCUSSION

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim for relief, a plaintiff must "plead[] 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jones v. Gadsden Cnty. Sch.*, 755 Fed. App'x. 954, 955 (11th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). With respect to whether a complaint "fails to state a claim on which relief may be granted," Section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1489–90 (11th Cir. 1997).

As a *pro se* litigant, Plaintiff is entitled to the Court's liberal construction of the Complaint. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (*per curiam*). Nonetheless, the Court may dismiss the Complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). Plaintiff's Complaint seeks relief against the "employee manager" of The Check Cashing Store and "police officers" at the Miami Gardens Police Department for "Discrimination" generally. ECF No. [1] at 2–3. The Complaint includes a hand-written statement of claim, which states in its entirety: "I was discriminated by a black woman at the check cashing store that refused to cash my check on 10/11/21 and also had my paycheck stolen by Miami Gardens police officers. *Id.* at 4.

Upon review of Plaintiff's Complaint, the undersigned finds that it does not include sufficient factual matter that, if accepted as true, would allow the Court to reasonably infer what the claim or claims for relief against Defendants may be.  *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984).  Plaintiff merely contends that an employee of The Check Cashing Store refused to cash his check and that police officers stole a check from him.  Plaintiff does not allege what actions Defendants did or did not take that could form the basis for any theory of liability under federal law.  Instead, the allegations are conclusory and bare.  Plaintiff's factual allegations are insufficient to allow this Court "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Jones*, 755 Fed. App'x. at 955. [2]  As such, Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

## II.  RECOMMENDATION

Therefore, in accordance with the foregoing Report and Recommendation, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be **DENIED AS MOOT**.

---

[2] The undersigned notes that, based upon Plaintiff's lack of income, Plaintiff meets the financial requirements to proceed *in forma pauperis*.  *See* ECF No. [3].  There is no specific guidance regarding an income threshold to determine indigency for plaintiffs in federal civil cases.  In federal bankruptcy cases, however, 28 U.S.C. § 1930 provides that fees may be waived if an individual's income is less than 150% of the federal poverty guideline.  In addition, the undersigned notes that Section 57.082, Florida Statutes, provides specific guidance regarding the determination of indigency for persons filing lawsuits in Florida state courts.  Pursuant to that statute, a person is indigent if their income is equal to or below 200% of the federal poverty guidelines.  § 57.082 (2)(a)(1), Fla. Stat. (2012).  The 2022 Department of Health and Human Services' Poverty Guidelines for a family of one is $13,590.00; and for a family of two it is $18,310.00.  *See* Department of Health and Human Services Poverty Guidelines, available at https://aspe.hhs.gov/poverty-guidelines (last visited Apr. 5, 2022).

**III.    OBJECTIONS**

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court Judge within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on April 7, 2022.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**